

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

GREGORY A. RICHARDSON,

    Plaintiff,

v.                                Civil Action No. **3:07CV488**

JAMES SISK, et al.,

    Defendants.

## MEMORANDUM OPINION

By Memorandum Order entered September 18, 2007, the Court denied Richardson's request to proceed in forma pauperis because Richardson was considered a prisoner to whom the three strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), applied. The Court also directed Richardson to submit the full $350.00 filing fee within eleven (11) days from the date that the September 18, 2007 Memorandum Order was entered. On October 26, 2007, after more than eleven days had elapsed, Richardson's 42 U.S.C. § 1983 action was dismissed without prejudice because he failed to pay the full filing fee. On December 7, 2007, Richardson then filed the instant motion wherein he suggested that the three strikes provision of the PLRA did not apply to him because he was being detained pursuant to Virginia's Civil Commitment of Sexually Violent Predators Act, VA Code Ann. § 37.2-900 et. seq., which created a system of civil, not criminal, detention, and thus was not a "prisoner" under 28 U.S.C. § 1915(g).

Because Richardson's motion was filed more than ten days after the Court's October 26, 2007 Order, it is properly construed as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. See In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992).

In order to obtain relief under Rule 60(b), a movant must demonstrate timeliness, a meritorious claim, a lack of prejudice to the opposing party, and exceptional circumstances. Dowell v. State Farm Fire & Cas. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). Once the movant has made this threshold showing, he must proceed to satisfy one of the six grounds for relief enumerated in Rule 60(b). Id. (citing Werner, 731 F.2d at 207). The Court finds, however, that Richardson has made no such threshold demonstration in this case.

Although Richardson is correct that the three strikes provision of § 1915(g) no longer applies to him because he has completed the term of incarceration imposed as part of his criminal sentence and is currently being held pursuant to civil commitment proceedings,[1] it is unclear whether Richardson had already completed his criminal sentence at the time he filed his

---

[1] See 28 U.S.C. § 1915(h); Michau v. Charleston County, S.C., 434 F.3d 725, 727-28 (4th Cir.) (holding that person detained past mandatory release date, pending civil commitment proceedings, is not considered a "prisoner" under the PLRA) cert. denied 126 S. Ct. 2936 (2006); Perkins v. Beeler, 207 F. App'x 262 (4th Cir. Dec. 1, 2006) (No. 06-7352), available at 2006 WL 3473974.

2

complaint.[2] Even assuming that this Court erroneously considered Richardson a "prisoner" to whom the three strikes provision of the PLRA applied, Richardson's failure to raise this argument in a timely manner or to prosecute an appeal precludes relief under Rule 60(b).

First, Richardson fails to explain why he did not timely inform the Court that he was not a "prisoner" after the Court issued its September 18, 2007 Memorandum Order referring to Richardson as an "inmate" to whom the three strikes provision of the PLRA applied, and requiring him to pay the full filing fee within eleven days. Furthermore, although Richardson initially appealed the Court's order denying his request to proceed in forma pauperis to the United States Court of Appeals for the Fourth Circuit, the Fourth Circuit subsequently dismissed Richardson's appeal for failure to prosecute. Richardson v. Sisk, No. 08-6050, Dismissal Order (4th Cir. Feb. 27, 2008) (unpublished). Courts have long held that "Rule 60(b)(6) may not be used as a back-door substitute for an omitted appeal, and, in

---

[2] In his initial § 1983 complaint, Richardson indicated that he was still serving the last three months of his criminal sentence. (Richardson's 42 U.S.C. § 1983 Compl. at 4(g).) Thus, Richardson would have properly been considered a "prisoner" under § 1915(h) of the PLRA. Numerous courts have held that a plaintiff's status is determined at the time he files suit and that the PLRA does apply to a prisoner who filed a suit during his confinement and thereafter was released from prison. See, e.g., Norton v. City of Marietta, 432 F.3d 1145, 1150 (10th Cir. 2005); Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002); Dixon v. Page, 291 F.3d 485, 488-89 (7th Cir. 2002).

3

all but the most exceptional circumstances, a party's neglect to prosecute a [timely] appeal will bar relief under the rule." Carter v. Fenner, 136 F.3d 1000, 1006 (5th Cir. 1998) (quoting Hoult v. Hoult, 57 F.3d 1, 3 (1st Cir. 1995)) (alteration in original); see also Baumlin & Ernst, Ltd. v. Gemini, Ltd., 637 F.2d 238, 242 (4th Cir. 1980). It is readily apparent that Richardson's motion is a thinly veiled attempt to use Rule 60(b) as a substitute for an appeal which he failed to prosecute. Richardson has not demonstrated why he is entitled to the extraordinary relief of Rule 60(b), particularly since he is free to refile his case because the Court's dismissal of his complaint was without prejudice. Accordingly, Richardson's motion for relief from judgment will be DENIED.

In his motion, Richardson also moves the Court to reopen various other civil cases, which he filed over six years ago and which have long since been disposed of by this Court, and seeks to transfer the present action to the United States Court of Appeals for the Federal Circuit. Richardson has not cited any legal authority or procedural rule authorizing the Court to reopen closed

cases or to transfer the present action.[3] Accordingly, Richardson's motion for a transfer of venue and his request that this Court reopen Richardson v. Washington, No. 3:98cv727 (E.D. Va. May 26, 1999), Richardson v. Love, No. 3:01cv385 (E.D. Va. Nov. 5, 2001), and Richardson v. Lee, No. 3:01cv211 (E.D. Va. Nov. 6, 2001) will be DENIED.

The Clerk is directed to send a copy of this Memorandum Opinion to Richardson.

It is so ORDERED.

                                    /s/        REP
                              Robert E. Payne
                              Senior United States District Judge

Richmond, Virginia
Dated: *April 28, 2008*

REP   April 25, 2008

---

[3] Richardson suggests a transfer is necessary because the undersigned is biased. Even if this Court were to construe Richardson as having moved for recusal of the undersigned, Richardson has not pointed to any evidence that suggests the undersigned relied upon knowledge acquired outside of Richardson's judicial proceedings in rendering decisions or "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." Liteky v. United States, 510 U.S. 540, 556 (1994). Nor does the undersigned harbor any extrajudicial bias against Richardson. See In re Beard, 811 F.2d 818, 827 (4th Cir. 1987). Therefore, recusal of the undersigned would not be appropriate.